UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HART JR., <br><br> Plaintiff, <br><br> vs. <br><br> U.S. COPYRIGHT OFFICE, <br><br> Defendant. | Case No. 4:26-CV-00585- YGR <br><br> ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; <br><br> SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Before the Court is plaintiff's application to proceed in forma pauperis. The Court has reviewed plaintiff's application and finds that plaintiff qualifies for in forma pauperis status. Accordingly, the application is **GRANTED**.

The court's grant of plaintiff's application to proceed *in forma pauperis* does not mean that the Court must permit plaintiff to prosecute the claim under all circumstances. A court is under a continuing duty to dismiss a case filed without payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the Court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. section 1915(e)(2)(B), courts assess whether plaintiff states an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984) (internal quotation marks omitted). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228 (internal quotation marks omitted). A court can also dismiss a complaint where it is based solely on conclusory statements, naked

assertions without any factual basis, or allegations implausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Federal courts are courts of limited jurisdiction. They have no power to consider claims for which they lack subject matter jurisdiction. *See Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992), *overruled on other grounds by U.S. ex. Rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). While California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal courts can only adjudicate cases that the Constitution or Congress authorizes them to adjudicate. Cases where the federal court has jurisdiction are those where there is a diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or in which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases, and the burden of establishing jurisdiction rests upon the party asserting it. *Id*. at 377. If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3). Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted.

Here, plaintiff alleges that the U.S. Copyright Office and other unnamed defendants violated his "privacy and other human rights . . . by spying and accessing [his] 'personal information.'" He avers these invasions date back 20 years. He also states that his claims center around 17 U.S.C. § 501, 506 and 18 U.S.C. § 2257, however he does not allege any specific facts to support a claim of violations of these statutes. Moreover, 18 U.S.C. § 2257 is a criminal statute and plaintiff does not explain how it forms the basis of any civil claim.

Plaintiff's complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that the complaint remains insufficient to satisfy Section 1915 review.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). The Court, therefore, will permit plaintiff a second opportunity to amend to state a claim.

Accordingly, the **ORDERS** as follows:

(1) Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

(2) If Plaintiff wishes to pursue this action, Plaintiff must file an amended complaint no later than **March 13, 2026**.

(3) If Plaintiff fails to amend, the case will be dismissed under Rule 41(b) for failure to prosecute. *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

This Order terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Date: February 24, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE